**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **CHARMAIGNE A. WELCH,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE NO.** |
| **v.** | : | **1:14-cv-01922-MHC-AJB** |
| | : | |
| **COBB COUNTY SCHOOL DISTRICT; METROPOLITAN LIFE INS. CO.; METLIFE DISABILITY; MICHAEL SHANAHAN; and ROGER BARTLETT,** | : | |
| | : | |
| **Defendants.** | : | |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

This matter is presently before the Court for a frivolity review on Plaintiff Charmaigne A. Welch's amended complaint. [Doc. 6]. Having reviewed the amended complaint, the undersigned **RECOMMENDS** that the District Court **DISMISS** Plaintiff's complaint for failure to state a claim and failure to follow a lawful court order.

## *I. Introduction*

On June 18, 2014, Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP"), to bring a discrimination suit against Defendants Cobb

County School District ("School District"), Metropolitan Life Insurance Company, Metlife Disability, Michael Shanahan, and Roger Bartlett. [Doc. 1-1 at 1]. On September 29, 2014, the Court granted Plaintiff's application to proceed IFP, but finding that the complaint was an impermissible shotgun pleading, the Court was unable to perform the frivolity review required under 28 U.S.C. § 1915(e). [Doc. 3]. Nevertheless, in light of Plaintiff's *pro se* status, the Court granted Plaintiff leave to re-plead the complaint. [*Id*. at 13].

The Court then directed Plaintiff that if she should choose to re-plead her claims, she must do so according to the terms and conditions set out in the Court's Order. [*Id*.]. Specifically, the Court directed that:

> 1. Plaintiff **SHALL** provide a factual background section with facts relevant to all claims, presented in logical order in individually numbered paragraphs.
>
> 2. Then, Plaintiff **SHALL** allege each cause of action under a separate count. Immediately below each count heading, Plaintiff **SHALL** specify which defendant(s) the count is against. The factual allegations listed under each count shall explain the basis for the accusation against that particular defendant. Under each count, Plaintiff **SHALL** provide the relevant facts, including the approximate dates of significant relevant occurrences and the specific defendant (or named individual, when possible) that took certain actions, that she believes are unlawful and entitle her to relief.



AO 72A (Rev.8/82)

> 3. Plaintiff also **SHALL** attach any notice of right to sue she has received from the Equal Employment Opportunity Commission [("EEOC")].
>
> 4. Each count of the amended complaint **SHALL NOT** reaffirm and reallege all factual allegations from the preceding counts, but instead, only the relevant paragraphs from the factual background section.
>
> 5. If she seeks damages, Plaintiff **SHALL** clearly state the grounds upon which [s]he seeks damages, the defendant(s) liable for the damages, and the amount.

[*Id*. at 13-14]. The Court also advised Plaintiff that if she failed to comply with its Order, the undersigned would recommend to the District Judge that he dismiss the matter for failure to state a plausible claim and for failure to follow a lawful order of the Court. [*Id*. at 14].

On October 17, 2014, Plaintiff filed a motion for extension of time in which she requested an additional twenty-one days to file the amended complaint. [Doc. 4]. On October 21, 2014, the Court entered an Order granting Plaintiff an additional thirty days to amend the complaint. [Doc. 5]. In the Order, the Court also provided Plaintiff with a link to the online membership directory for the Georgia Chapter of the National Employment Lawyers Association and suggested that she may want to contact those or other attorneys to determine whether any of them would be willing to represent her. [*Id*.].



AO 72A
(Rev.8/82)

## *II. Discussion*

On November 19, 2014, Plaintiff filed the amended complaint that is presently before the Court. [Doc. 6]. She continues to proceed *pro se*. [*Id*. at 18]. She again names as defendants the School District, which she alleges was her employer from August 7, 2007, through November 8, 2013, [*id*. ¶ 17]; Metropolitan Life Insurance Company and Metlife Disability, which Plaintiff appears to claim owe her at least disability benefits under a policy she entered into while employed with the School District, [*id*. at 26-76 & ¶¶ 44, 49-50, 65-67]; Michael Shanahan, who Plaintiff avers was the School District's Chief Human Resources Officer, [*id*. ¶¶ 55, 81, 84]; and Roger Bartlett, who appears to be a benefits manager for the School District, [*id*. at 24 & ¶¶ 47-48, 81, 84].

Plaintiff did comply with the Court's September 29 Order so far as it directed her to state her claims in separate counts. She now states four counts: in Count I, she alleges violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, arising from interference with FMLA leave; in Count II, she alleges violation of the FMLA arising from retaliation for exercising FMLA rights; in Count III, she alleges disability discrimination in violation of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*; and in Count IV, she alleges race



AO 72A
(Rev.8/82)

discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.* [Doc. 6 at 10-15]. Per the Court's direction, Plaintiff also included a section in the amended complaint comprised of individually numbered paragraphs containing background facts purportedly relevant to each count. [*Id*. ¶¶ 17-50]. Contrary to the Court's Order, however, she again in Counts I and II incorporates by reference *all* of the paragraphs preceding the count, and in Counts III and IV, she makes no reference to which of the numbered paragraphs, if any, are supportive. [*Id*. at 10-15]. Plaintiff also fails to state immediately below each count heading which defendant(s) the count is against. [*Id*. at 10, 12-14]. The amended complaint, like the original complaint, is also largely devoid of dates. [*See id., passim*]. Because of these failures to comply with the Court's Order, it remains largely impossible to understand what events Plaintiff complains of, how the events relate to Plaintiff's asserted causes of action, when those events took place, and who she seeks to hold responsible.

The Federal Rules of Civil Procedure "require the pleader to present [her] claims discretely and succinctly, so that [(1)] [her] adversary can discern what [s]he is claiming and frame a responsive pleading, [and (2)] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be



AO 72A
(Rev.8/8
2)

granted." *See Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996). The Eleventh Circuit has "roundly, repeatedly, and consistently condemn[ed]" shotgun pleadings such as the original complaint and the amended complaint presently before the Court. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008).

Additionally, even a cursory review of Plaintiff's shotgun amended complaint reveals that she has failed to plead claims that would survive the frivolity review required under 28 U.S.C. § 1915(e). Before it may grant a litigant permission to proceed IFP, the Court must perform a frivolity review pursuant to § 1915(e). Under 28 U.S.C. § 1915(e), a court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune." *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, at *1 (M.D. Ala. Aug. 10, 2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.' " *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). A litigant does not state a claim under § 1915(e)(2)(B)(ii) "when the facts as pleaded do not state a claim for relief that is



AO 72A
(Rev.8/82)

'plausible on its face.' " *Thompson v. Fernandez Rundle*, 393 Fed. Appx. 675, 678 (11th Cir. Aug. 20, 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Moreover, § 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Bilal*, 251 F.3d at 1349 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). And while a *pro se* pleading is liberally construed, *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008), this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings, *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 Fed. Appx. 274, 276-77 (11th Cir. Jan. 9, 2008) (per curiam) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)); *see also GJR Invs., Inc.*, 132 F.3d at 1369 ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party . . . .").

First, and most obviously, despite the Court's Order to Plaintiff to attach to the amended complaint any notice of right to sue she received from the EEOC, she does not attach anything showing that she made a charge of discrimination with regard to her



AO 72A
(Rev.8/82)

claims of race discrimination or retaliation pursuant to Title VII.[1] [*See* Doc. 6, *passim*]. "In order to litigate a claim for discrimination under Title VII . . . , a plaintiff must first exhaust [her] administrative remedies beginning with the filing of a charge of discrimination with the EEOC. *Rizo v. Ala. Dep't of Human Res.*, 228 Fed. Appx. 832, 835 (11th Cir. Jan. 31, 2007) (per curiam); *accord Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). The purpose of this exhaustion requirement "is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Gregory*, 355 F.3d at 1279 (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983)). Because Plaintiff has made no showing that she filed a charge of discrimination with regard to her Title VII race discrimination claims, she may not raise them in Court.

Second, to the extent that Plaintiff's ADA claim rests on her allegations that she was terminated in retaliation for complaining of discrimination her students faced and

---

[1] Plaintiff does attach a charge of discrimination and a resulting notice of right to sue, but in the charge, Plaintiff complained only of disability discrimination and made no reference whatsoever to any discrimination or retaliation related to race. [*See* Doc. 6 at 20-21].



AO 72A
(Rev.8/82)

the failure of the School District to comply with the students' individualized education plans, that claim fails for similar reasons. [*See* Doc. 6 ¶¶ 75, 80]. The ADA, like Title VII, also requires exhaustion of administrative remedies prior to filing suit. *Rizo*, 228 Fed. Appx. at 835. Plaintiff shows that in early 2014, she filed a charge of discrimination in which she alleged disability discrimination.[2] [Doc. 6 at 21]. However, the charge made no mention of any complaints Plaintiff made to the School District on behalf of her disabled students; instead, the charge merely states that Plaintiff is a person with a disability, had been on long-term disability for approximately two years, and on November 8, 2013, had been denied the opportunity to return to work with accommodations. [*Id*.]. Although a judicial complaint is not limited to the letter of the allegations raised in an EEOC charge, a plaintiff may not assert entirely new acts of discrimination in a judicial complaint that were not raised in the EEOC charge; she may pursue in court only those allegations raised in the EEOC charge or those that "amplify, clarify, or more clearly focus" the allegations. *Gregory*, 355 F.3d at 1279-80 (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)). Because Plaintiff's allegations regarding retaliation for her complaints about

[2] The EEOC assigned the charge number 410-2014-02327, and on March 28, 2014, it issued a notice of right to sue. [Doc. 6 at 20].



AO 72A
(Rev.8/82)

discrimination against her disabled students cannot be reasonably said to "amplify, clarify, or more clearly focus" her charge of discrimination regarding the School District's failure to accommodate her own disabilities, ADA claims asserting retaliation arising from complaints Plaintiff made on behalf of her disabled students must also be dismissed for Plaintiff's failure to show that she exhausted her administrative remedies prior to filing suit.

Third, Plaintiff has failed to plead facts showing that the School District violated the ADA when on November 8, 2013, it allegedly denied Plaintiff "the opportunity to return to work with accommodations." [Doc. 6 at 21 & ¶¶ 72-74, 76-79]. The ADA prohibits covered employers from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "[T]here are two distinct categories of disability discrimination claims under the ADA: (1) failure to accommodate and (2) disparate treatment." *E.E.O.C. v. Eckerd Corp.*, Civ. Action No. 1:10-cv-2816-JEC, 2012 WL 2726766, at *4 (N.D. Ga. July 9, 2012) (Carnes, J.). Retaliation against a person claiming a right under



AO 72A
(Rev.8/82)

the ADA or opposing a practice made unlawful by the ADA is also prohibited. 42 U.S.C. § 12203.

"Under the ADA rubric of discrimination, an employer must make reasonable accommodations that allow a disabled individual to perform her job, unless that accommodation would cause an undue hardship." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1327 (11th Cir. 1998) (citing *Harris v. H & W Contracting Co.*, 102 F.3d 516, 519 (11th Cir. 1996), and 42 U.S.C. § 12112(b)(5)(A)). "In order to establish a prima facie case of discrimination under the ADA, the plaintiff must show that: (1) [s]he is disabled; (2) [s]he was a 'qualified individual' at the relevant time, meaning that [s]he could perform the essential functions of the job in question with or without reasonable accommodations; and (3) [s]he was discriminated against because of h[er] disability." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001). The ADA defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1); *see also Chapman v. U.S. Postal Serv.*, 442 Fed. Appx. 480, 484 (11th Cir. Oct. 4, 2011). In determining whether an impairment substantially limits a major life activity, the Court takes guidance from "the



AO 72A
(Rev.8/82)

regulations promulgated by the [EEOC], which state that major life activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000) (citing 29 C.F.R. § 1630.2(i)) (punctuation omitted).

Although the nature and duration of Plaintiff's disability and the circumstances under which the School District was made aware of the disability are not made clear in the amended complaint, it appears that she could show facts sufficient to support those elements of an ADA claim, based on her allegation in the EEOC charge that she had been on long-term disability for two years and her assertion in the amended complaint that absent reasonable accommodation, she is substantially limited in her ability to think, work, drive, and care for herself. [*See* Doc. 6 at 21 & ¶ 77]. However, as to the "qualified individual" element, Plaintiff does not state the job in question (although it appears that she sought reinstatement as a special-education teacher) or plead facts showing that despite her claimed substantial limitations in her ability to think, work, drive, and care for herself, she could nevertheless perform the essential functions of the job with or without reasonable accommodation; instead, she summarily states that she "is a qualified individual with a disability meaning [sic] of the ADA." [*Id*. ¶ 76]. Clearly, these scanty allegations do not present facts sufficient to show that Plaintiff can



AO 72A
(Rev.8/82)

meet the "qualified individual" element of an ADA claim and that she therefore has a plausible claim for relief. *See Thompson*, 393 Fed. Appx. at 678; *Iqbal*, 556 U.S. at 678.

Fourth, the few dates asserted in the amended complaint call into question the viability of Plaintiff's FMLA claims. The FMLA allows covered employees "to take up to twelve weeks of leave in a twelve-month period for the birth or adoption of a child, or the 'serious health condition' of the employee or the employee's child, spouse, or parent." *Smith v. BellSouth Telecomms., Inc.*, 273 F.3d 1303, 1305-06 (11th Cir. 2001) (quoting 29 U.S.C. § 2612(a)(1)). It also "prohibits an employer from interfering with an employee's attempt to exercise [her] leave right or retaliating against an employee for opposing practices made unlawful under the FMLA." *Id*. (citing 29 U.S.C. § 2615).

Although Plaintiff alleges that she did at some point take approved FMLA leave, she does not state when. [*See* Doc. 6 ¶¶ 39-40]. However, in the EEOC charge she filed in early 2014, she indicates that she had been on "long term disability for approximately two years." [*Id*. at 21]. She also alleges in the amended complaint that she "continues to have[] a serious health condition as defined by the FMLA." [*Id*. at ¶¶ 52, 63-64, 69]. It therefore does not appear that Plaintiff was able



AO 72A
(Rev.8/82)

to return to work until well after the twelve-week period provided by the FMLA and that, as a consequence, there is no basis for any claim for failure to reinstate her.

The suggestion that the FMLA leave expired in early 2012 also belies any claim that the School District's failure to re-employ Plaintiff in November 2013 was in retaliation for her having exercised her right to FMLA leave. In order to establish a *prima facie* case of retaliation under the FMLA, a plaintiff must show that she engaged in statutorily protected conduct, that she suffered an adverse employment action, and that there is a causal connection between these two events. *Smith*, 273 F.3d at 1314. Review of the amended complaint has not revealed any facts that might support a finding of causation between Plaintiff's exercise of FMLA leave and the School District's refusal to allow her to return to work. [*See* Doc. 6, *passim*]. The Eleventh Circuit Court of Appeals has found that, without more, a three-month gap between a protected activity and an adverse action is insufficient to establish causation. *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). In light of this authority, this apparent gap between the expiration of the FMLA leave in approximately early 2012 and the failure to employ Plaintiff in November 2013, [*see* Doc. 6 at 21 & ¶ 63], cannot reasonably be said to establish causation.



AO 72A
(Rev.8/82)

Additionally, to the extent that the amended complaint could be interpreted to allege violations taking place during the alleged approved FMLA leave, the suggestion that the leave took place in early 2012 also indicates that the claims may be barred by the applicable statute of limitations. [*See* Doc. 6 ¶¶ 52-61, 63-71]. In general, an FMLA claim may be raised no later than two years after the date of the last event giving rise to the action, and if the action is brought for a willful violation, the action may be brought within three years of the date of the last event. 29 U.S.C. § 2617(c). Plaintiff repeatedly alleges that "Defendants" violated the FMLA willfully and recklessly, but she again supplies no factual basis for the allegations, leaving the Court no basis for finding that Defendants' conduct was willful or reckless. [*See, e.g.*, Doc. 6 at 16 & ¶¶ 56, 68]. Thus, because Plaintiff initiated this matter on June 18, 2014, [Doc. 1], it appears that claims arising from events taking place prior to June 18, 2012, would be barred by the FMLA's statute of limitations.

Fifth, to the extent Plaintiff seeks to raise Title VII and ADA claims against Shanahan and Bartlett, those claims are frivolous because neither Title VII nor the ADA imposes liability on individual employees. *See Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (per curiam) ("expressly hold[ing] that relief under Title VII is available against only the employer and not against individual employees



AO 72A
(Rev.8/82)

whose actions would constitute a violation of the Act”); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (“We hold that the Disabilities Act does not provide for individual liability, only for employer liability.”).

For all of these reasons, the undersigned concludes that the amended complaint is noncompliant with its Order granting leave to amend and that, in any case, it fails to state a plausible claim for relief. Dismissal is appropriate after the court gives a plaintiff the opportunity to re-plead a shotgun pleading and the plaintiff fails to comply with the court’s order. *See Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001) (“[I]f the plaintiff fails to comply with the court’s order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.”); *see also Giscombe v. ABN Amro Mortg. Group, Inc.*, 680 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (Batten, J.) (dismissing the case after the plaintiff filed a second shotgun complaint). The Court has already directed Plaintiff to re-plead her complaint and has given Plaintiff ample opportunity to pursue attorney representation; therefore, dismissal for filing a second shotgun pleading is appropriate.[3] Accordingly, the

[3] Given Plaintiff’s IFP status, the Court does not recommend imposing monetary sanctions.



AO 72A
(Rev.8/82)

undersigned **RECOMMENDS** that the District Court **DISMISS** the action for failure to comply with a lawful court order and to state a plausible claim for relief as required under 28 U.S.C. § 1915(e).

***III. Conclusion***

For the reasons above, the undersigned **RECOMMENDS** to the District Court that it **DISMISS** this action for failure to follow a lawful court order and for failure to state a plausible claim for relief.

The Clerk is **DIRECTED** to terminate reference to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this the 15th day of December, 2014.

**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**



AO 72A
(Rev.8/82)