

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARMAIGNE WELCH,

PLAINTIFF,

v.

COBB COUNTY SCHOOL DISTRICT,
METROPOLITAN LIFE
INS. CO., METLIFE DISABILITY,
MICHAEL SHANAHAN, and
ROGER BARTLETT,

DEFENDANTS.

CIVIL ACTION NO.:
MHC
1:14-CV-01922-SCJ-AJB

JURY TRIAL DEMANDED

## AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## MOTION FOR RECONSIDERATION OF RECOMMENDATION DISMISSAL OF ACTION

For failure to follow court order and for failure to state a plausible claim for relief;

1. Plaintiff Shall provide a factual background section with relevant facts relevant to all claims.

   Plaintiff Welch is merely filing a claim, Pro Se documents are liberally construed;

1

Welch did the best she could under current circumstances, with every intention of retaining legal representation. Welch's undue financial injury which is a direct result of the defendants, Cobb County School District and MetLife Disability's false statements, misrepresentation, concealment of fact, and acts of fraud, to withhold compensation. Welch was denied benefits and benefits information by both defendants motivated by ongoing retaliation, which began at Plaintiffs work location Powder? Springs Elementary, where Welch was severely bullied and harassed, demeaned, and received threats from Administration for refusing to participate in IDEA violations, and fraudulent documentation of Federal Funds for Special Education.

2. See revised claim, Plaintiff Welch was able to get a family member who is a Paralegal to help with the revision. All relevant facts, specific date's actions took place, and other relevant facts will be provided at trial. Due to the overwhelming amount of evidence, documents, witnesses, and ongoing documentation Welch has been collecting since August of 2008, it is just not reasonable to add that much information to a claim. Furthermore the court punishes the plaintiff for incorporating by reference particular paragraphs, although lawyers routinely do so without punishment;

3. At this stage, Plaintiff is only required to put Defendant on notice of claims; this is a notice this is a notice-pleading district, and all that's needed a plain, short, and concise statement on the claims. Welch also did attach yet another copy, two copies actually, of notice of right to sue Welch received from the Equal Employment Opportunity Commission. The March 28, 2014 and July 24, 2012, to show ongoing retaliation even now has is causing increasing health issues, and

The defendants while requesting monthly doctors' visits and notes have not paid for any of my Medical expenses, transportation, Occupational and Speech Therapy, or Physical Therapy, etc. Defendants required Plaintiff to be Released To Return to work by physician was required prior to starting any Vocational Rehabilitation Services, Defendants stated it was common policy. Since both Defendants refused to supply Plaintiff with a copy of MetLife Disability Policy, Welch was was not aware all information received from both Defendants were false, with major benefits information omitted. Plaintiff was discriminated against not only by race but also disability. Defendants failed to accommodate Welch under ADA, and have shown major disparity in distributing and informing Plaintiff of Employee Benefits.

**EXHIBIT E**

4. The Court completely ignored Plaintiffs FMLA claim (i.e. withdrawal of insurance during Approved leave) FMLA request 09/05/2012

**Exhibit C**

5. Plaintiff is still accruing expenses and will let a jury decide on final amount of damages, Welch claims compensatory and punitive damages, due to Occupational Illness, which lead to a permanent disability and undue financial hardship caused by ongoing retaliation activities by Defendants. Welch and spouse combined income of over $150,000 annually has decreased To less than $10,000 annually, Plaintiff is requesting preliminary attorney fees in order to retain an attorney. Although Plaintiff was accepted back to work in September or 2013 and given a job assignment there was never location, **(Exhibit D)** Plaintiffs Benefits were never,

restored, nothing changed, Plaintiff still could not access staff websites, register for courses, and employee benefits were never restored. Plaintiff also discovered that all the money from her 403b annuity and Teachers Retirement Savings (TRS) was gone.

Plaintiff did contact all lawyer referral services prior to courts order and after, and was not able to retain an attorney, Welch also contacted twenty-nine other Agencies, and fifty private Attorneys. No one would accept Plaintiffs case without a hefty retainer plus hourly charges. Plaintiff has proof of premium payment for 2012 yet received not benefits, and incurred over $1 60,000 in medical expenses, must of which we have paid out while Plaintiff, a tenured Employee on approved leave. While representatives of Cobb County School District, Michael Shanahan, former Chief HR Officer, contacted interfered in at least one, and possible two Occasions were Advocacy Foundations were in the process of providing pro-bono attorneys. Leading to both agencies withdrawing their help. The Plaintiff is the only employee at Cobb County School District who has been denied benefits, and allowed to suffer decline in health Diagnosed with an Occupational Illness It has been a regular occurrence for Defendants to send time sensitive documents just prior to the holiday season thus leaving Plaintiff without access to legal or advocacy resources. Considering prior statements the Plaintiff once again begs the court for preliminary Attorney's Fees in order to retain an attorney. If an alleged killers/Deserves representation, then everyone should.

This 31st day of December 2014

s/Charmaigne Welch

Needs Retainer +
$280 per hour
Possible Attorney
George Meadow
Johnson

# Employment Case

Cobb County School District ongoing misappropriation of Federal Funds & Medicaid Fraud!

- Discrimination- Title VII Civil Rights Act of 1964 as amended
- Violation of HIPAA Medical Privacy Information
- Violation of the Americans with Disability Act (ADA)
- Violation of HIPAA
- Failure to provide information on Employee Leave Program
- Violation of Section 504- Vocational Rehabilitation Act of 1973
- Violation of the Fair Employment Practices Act as amended
- Unlawful discriminatory practices
- Facilitating benefit package disparity
- Unlawful discriminant complaint procedure
- Failure to inform employee of the Family Medical Leave Act
- Failure to inform employee of benefits eligibility under employee health plan
- Violation of the Freedom of Information Act- was not provided disability policies after requested from Cobb County School District
- MetLife and Cobb County Schools failed to provide vocational rehabilitation
- Pre-disability earnings not received since November 2012
- Failed to provide health insurance policy after numerous written requests
- Cobb County School District failed to abide by the employee benefits contract
- Powder Springs Elementary School in violation of misappropriation of Special Education funds and falsifying legal documents, as well as Medicaid Fraud
- Violation of ADA- 35.130- prohibits discrimination of a qualified individual on the basis of disability, be denied the benefits from the aid, benefit, or services that is not equal to that afforded others, etc. of a public entity
- 35.134 Retaliation or coercion (a) no private or public entity shall discriminate against any individual because that individual has opposed any act or practice made unlawful. etc., Violation of Retaliation Laws of ADA
- Received unjust negative performance evaluation

I have detailed written proof of the violations and retaliations stated above which were undertaken with malice and reckless indifference to federally protected rights. I am seeking temporary or preliminary relief under section 706 (F)(2) of Title VII (7) prior to further investigation due to the need of prompt judicial action in order to maintain my home. I am also pursuing Rule 65 of Federal Rules of Civil Procedure in order to stop retaliation as it is causing permanent damage to my health. Please contact me at your earliest convenience at (404) 409-8163, to further discuss in detail the aspects of my case. Also, please see below for supporting references. Thank you in advance for your time and prompt assistance in this matter.

References:
1. Section 704 (A) of Title 7, 42 U.S.C. § 2000e-3 (A)
2. Section 4 (D) of ADA, 29 U.S.C § 623(D)
3. Section 503 (A) of ADA, 42 U.S.C §1203 (A). Section 503 (B) of the ADA, 42 U.S.C 12203 (B)
4. Section 15 (A) (3) of the Fair Labor Standards Act (FLSA) 29 U.S.C § 215(A)(3)
5. Federal Employees C ex. Hale vs. Marsh, 808 F.2D616, 619 (7th CIR. 1986)(Bornholt vs. Brady, 869F.2D57,62 (2D IR. 1989)

*I am hoping that someone will see the merit of this case and work with me on a contingency basis.

Claim # 711111280541  Exhibit C
DOB 1/31/1961

COUNTY
SCHOOL DISTRICT
*...learning with a passion for learning!*

Certification of Health Care Provider for
Employee's Serious Health Condition
(Family and Medical Leave Act)

U.S. Department of Labor
Wage and Hour Division

Form GBRIG-1



OMB Control Number: 1235-0003
Expires: 2/28/2015

### SECTION I: For Completion by the EMPLOYER

INSTRUCTIONS to the EMPLOYER: The Family and Medical Leave Act (FMLA) provides that an employer may require an employee seeking FMLA protections because of a need for leave due to a serious health condition to submit a medical certification issued by the employee's health care provider. Please complete Section I before giving this form to your employee. Your response is voluntary. While you are not required to use this form, you may not ask the employee to provide more information than allowed under the FMLA regulations, 29 C.F.R. §§ 825.306-825.308. Employers must generally maintain records and documents relating to medical certifications, recertifications, or medical histories of employees created for FMLA purposes as confidential medical records in separate files/records from the usual personnel files and in accordance with 29 C.F.R. § 1630.14(c)(1), if the Americans with Disabilities Act applies.

Employer name and contact: Cobb Co. School District / Donna Davidson

Employee's job title: Benefits Rep.    Regular work schedule: 8:00a - 4:00pm

Employee's essential job functions: Sp. Ed. Teacher

Check if job description is attached: _____

### SECTION II: For Completion by the EMPLOYEE

INSTRUCTIONS to the EMPLOYEE: Please complete Section II before giving this form to your medical provider. The FMLA permits an employer to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to your own serious health condition. If requested by your employer, your response is required to obtain or retain the benefit of FMLA protections. 29 U.S.C. §§ 2613, 2614(c)(3). Failure to provide a complete and sufficient medical certification may result in a denial of your FMLA request. 20 C.F.R. § 825.313. Your employer must give you at least 15 calendar days to return this form. 29 C.F.R. § 825.305(b).

Your name: Charmaigne   Welch   A.
       First        Middle      Last

### SECTION III: For Completion by the HEALTH CARE PROVIDER

INSTRUCTIONS to the HEALTH CARE PROVIDER: Your patient has requested leave under the FMLA. Answer, fully and completely, all applicable parts. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage. Limit your responses to the condition for which the employee is seeking leave. Please be sure to sign the form on the last page.

Provider's name and business address: Jeffrey Roznik

Type of practice / Medical specialty: Family Medicine

Telephone: (770) 459-1532    Fax: (770) 459-7870

Return this form to: Benefits, Human Resources, Cobb County School District, P.O. Box 1088, Marietta, GA 30061-1088  FAX # 770-514-3871

**PART A: MEDICAL FACTS**

1. Approximate date condition commenced: 6/14/12

    Probable duration of condition: UNKNOWN

    Mark below as applicable:
    Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?
    ___ No  ✓ Yes. If so, dates of admission:

    6/14/2012

    Date(s) you treated the patient for condition:

    7/10/2012

    Will the patient need to have treatment visits at least twice per year due to the condition? ✓ No  ___ Yes.

    Was medication, other than over-the-counter medication, prescribed? ✓ No  ___ Yes.

    Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)?
    ___ No  ✓ Yes. If so, state the nature of such treatments and expected duration of treatment:

    NEUROLOGIST - SHE DID NOT GO

2. Is the medical condition pregnancy? ✓ No  ___ Yes. If so, expected delivery date: _____

3. Use the information provided by the employer in Section I to answer this question. If the employer fails to provide a list of the employee's essential functions or a job description, answer these questions based upon the employee's own description of his/her job functions.

    Is the employee unable to perform any of his/her job functions due to the condition: ___ No  ✓ Yes.

    If so, identify the job functions the employee is unable to perform:

    operate a car + district equipment

4. Describe other relevant medical facts, if any, related to the condition for which the employee seeks leave (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):

    GRAND MAL SEIZURE

## PART B: AMOUNT OF LEAVE NEEDED

5. Will the employee be incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery? ___No ✓Yes.

    If so, estimate the beginning and ending dates for the period of incapacity: _6 months_

6. Will the employee need to attend follow-up treatment appointments or work part-time or on a reduced schedule because of the employee's medical condition? ~~No~~ ___Yes. NO

    If so, are the treatments or the reduced number of hours of work medically necessary?
    ___No ___Yes.

    Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:

    _____

    Estimate the part-time or reduced work schedule the employee needs, if any:

    _____ hour(s) per day; _____ days per week from _____ through _____

7. Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions? ✓No ___Yes.

    Is it medically necessary for the employee to be absent from work during the flare-ups?
    ____ No ____ Yes. If so, explain:

    _____
    _____

    Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days):

    Frequency         : _____ times per _____ week(s) _____ month(s)

        Duration: _____ hours or ___ day(s) per episode

## ADDITIONAL INFORMATION: IDENTIFY QUESTION NUMBER WITH YOUR ADDITIONAL ANSWER

_She will need follow up with_
_neurology to go back to work_
Page 3          CONTINUED ON NEXT PAGE          Form WH-380-E Revised January 2009

Return this form to: Benefits, Human Resources, Cobb County School District, P.O. Box 1088, Marietta, GA 30061-1088   FAX # 770-514-3871

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| _[signature]_____ | _9/5/2012_____ |
|---|---|
| Signature of Health Care Provider | Date |

### PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT

If submitted, it is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 20 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT.**

Page 4                                          Form WH-380-E Revised January 2009

Return this form to: Benefits, Human Resources, Cobb County School District, P.O. Box 1088, Marietta, GA 30061-1088   FAX # 770-514-3871

NAME
_____

ESA.15  
1/94;11/94;

Revised 1/86; 3/86; 7/86; 4/88; 4/89; 12/91; 6/92; 8/92;

5/95; 10/96; 02/97; 3/01

## COBB COUNTY SCHOOL DISTRICT
## SECTION I - JOB DESCRIPTION/EVALUATION

POSITION TITLE: Teacher/Elementary School/Special Education

DIVISION: Special Student Services              REPORTS TO: Principal

PRIMARY FUNCTION:
To work with parents/guardians to develop and provide an appropriate special education program to eligible exceptional learners.

REQUIREMENTS:
1) Educational Level: Bachelor's Degree
2) Certification/License Required: Valid Teaching Certificate
3) Physical Activities: Ability to lift a student up to weight of 40 pounds without assistance; ability to perform a two-person lift for students over 60 pounds. Lumbar support belt required.
4) Proficient Skills: Communication, instructional strategies that connect the curriculum to the learners, student management

ESSENTIAL DUTIES:

1. _____ Demonstrates prompt and regular attendance.
2. _____ Completes designated follow-up procedures for students referred for special education service.
3. _____ Develops, implements, monitors, and reviews the Individual Education Program (I.E.P.) of each disabled student on the caseload, at least annually.
4. _____ Works with parents in all aspects of their child's educational program.
5. _____ Compiles, maintains and submits all required records.
6. _____ Provides educational services according to the guidelines of the program and through the established delivery model for service.
7. _____ Assures all due process procedural safeguards are afforded students and their parents.
8. _____ Uses special methodology for instruction, according to the population needs.
9. _____ Uses carefully designed behavior management strategies, as indicated.
10. _____ Administers, on an on-going basis, evaluations of student progress toward mastery of established goals and objectives.
11. _____ Serves as a resource to the regular education teachers who teach mainstreamed exceptional students.
12. _____ Teachers will be expected to perform special duties required for meeting the unique needs of specific populations, i.e., lifting and positioning special needs preschool, special needs kindergarten, moderately intellectually disabled, orthopedically impaired, severely and profoundly disable using lumbar belts as required.

13. _____ Meets expectations according to the regular elementary school teacher job description.

14. _____ Performs other duties as assigned by appropriate administrator.

*Exhibit D* (handwritten)



**COBB COUNTY**
SCHOOL DISTRICT

*Empowering Dreams for the Future*

Michael Shanahan, Ed. D.
Chief Human Resources Officer
P.O. Box 1088
Marietta, GA 30061
Telephone: (770) 426-3398
Fax: (678) 594-8613
michael.shanahan@cobbk12.org

September 9, 2013

Ms. Charmaigne Welch
1825 Beckett Drive
Marietta, GA 30062

Dear Ms. Welch,

Please see the enclosed Accommodation Assignment. Efforts have been made to identify an assignment with accommodations that will meet your needs for the duration of the time listed on the Accommodation Assignment. Once the Accommodation Assignment has ended, we will need medical recertification from your doctor. Upon receipt of that recertification, a determination will be made in regards to continuing your assignment based on the needs of the District and individual locations.

Please note that during this time you are welcome to pursue additional certification. Please contact my office to schedule an appointment so we may discuss options regarding your assignment.

Respectfully,

*Michael Shanahan* (signature)

Michael T. Shanahan, Ed.D.
Chief Human Resources Officer

BOARD OF EDUCATION        Randy Scamihorn, *Chair* • Brad Wheeler, *Vice Chair*
                          Tim Stultz • David Morgan • Kathleen Angelucci • David Banks • Scott Sweeney

SUPERINTENDENT            Michael Hinojosa, Ed.D.



# ACCOMMODATION ASSIGNMENT

| **Work Days:** 190/Annual ; 4 hours/day; 9 a.m. – 1p.m., September 9, 2013 through February 28, 2014 |
|---|
| **Primary Function:** Under the direction of the Teacher(s) of Record, provide instruction for identified students that enables them to learn and achieve to the maximum of their abilities. |

**The essential duties of your Accommodation Assignment are as follows:**

- Demonstrates prompt and regular attendance.
- Exhibits professionalism in all job related situations; follows professional ethics in all work related activities.
- The teacher makes decisions about planning that demonstrate a deep understanding of grade level content knowledge, pedagogy, and State-approved curriculum implementation by appropriately planning for what students are expected to know, understand, and be able to do.
- The teacher uses an organizing framework for instructional planning to support standards-based instruction
- The teacher consistently uses research-based practices challenging all learners to achieve high levels of learning
- The teacher consistently demonstrates high expectations for all learners.
- The teacher uses accessible technology effectively to enhance student learning.
- The teacher differentiates instruction to meet students' readiness levels, language proficiency, and interests.
- Teacher delivers instruction which fosters the development of higher-order thinking/reasoning skills.
- The teacher adjusts instruction in order to maximize student achievement on the or State-approved curriculum.
- The teacher provides effective and timely commentary/feedback regarding students' writing and oral performances.
- The teacher communicates rules, practices, and procedures that support a positive, productive learning environment.
- The teacher maximizes instructional time.
- The teacher helps students take responsibility for their own behavior and learning.
- Adheres to local school procedures and regulations in a supportive manner; demonstrates loyalty to the school and its leadership; avoids behaviors which detract from staff morale; works cooperatively with colleagues and the community; promotes a positive school environment that enhances student learning; helps maintain a positive and cooperative climate.
- Maintains required work schedule in a punctual manner; demonstrates responsible attendance and use of leave.
- Provides instruction that is appropriate for each student; communicates responsibly with all individuals and groups; maintains plans according to policies and/or directives; promotes the responsible use of materials and equipment; submits accurate paperwork on schedule; prepares adequately for responsibilities to be assumed when absent.
- Directs the conduct of students in accordance with policies at all times; takes all reasonable measures to protect students' health and safety.
- Follows all county, state, and federal policies and procedures.
- Meets certification and accreditation standards.
- Presents a personal appearance which enhances the image of the school.
- Handles money, receipt books, and other financial records responsibly.
- Performs other duties as assigned by appropriate administrator.


# Employee Request For Reasonable Accommodation
# Americans With Disabilities Act (ADA)

## Instructions for Employee:

Step 1: Complete the <u>Employee Information</u> section on the next page. Sign and date where indicated.

Step 2: Take both forms ("<u>Employee Information</u>" and "<u>Interactive Process Questionnaire</u>"), along with a copy of your job description (which can be supplied by Human Resources), to the appropriate doctor. Ask the doctor to examine the job description and fill out the <u>Interactive Process Questionnaire</u>. Make sure your doctor understands that s/he has your permission to discuss your condition with a Human Resources manager.

Step 3: You or your physician should return the completed forms by personal delivery, mail, fax, or electronic transmission.

**Professional Standards and Ethics Department**
PO Box 1088 – Marietta, GA 30061
Phone: 770.420.4958
Fax: 678.594.8587

Step 4: Wait for CCSD's Professional Standards and Ethics Department to contact you for an appointment to begin the interactive process of evaluating your request.

**NOTES TO EMPLOYEE:**

a) Cobb County School District will make every effort to reasonably accommodate employees in accordance with the Americans With Disabilities Act of 1990 (ADA), as amended.
b) The ADA defines disability as a mental or physical impairment that substantially limits a major life activity, and generally requires accommodation for employees who are qualified to perform their essential job duties and have a disability or have a record of having a disability.

## Instructions for Doctor:

- Review the duties and requirements on the employee's job description

- Fully complete the <u>Interactive Process Questionnaire</u> and return it to the employee or directly to CCSD's Professional Standards and Ethics Department.

# EMPLOYEE INFORMATION

**Printed Name:** Charmaigne Welch    **Last 4 digits of social security number:** 3358

**Job Title:** Teacher    **Location:** Cobb County Schools

**Home Address:** 1824 Beckett Dr, Marietta, GA 30062

**Business Phone:** _____    **Home Phone:** _____    **Cell Phone:** (404) 409-8163

**Brief Description of Medical Condition:** Seizure Disorder, Anxiety Disorder, Major Depressive Disorder, ADHD, High Blood Pressure, Insomnia, migraines, Seizure Disorder caused by sleep depravation and severe stress. (Epilepsy)

**NOTE TO EMPLOYEE:**

CCSD Human Resources management may need to contact your healthcare provider directly. By signing this form, you give CCSD authorization to contact your doctor regarding medical information needed to process this request for reasonable accommodation under the Americans with Disabilities Act (ADA).

**Employee Signature:** _/s/_    **Date:** 08/20/2013

# INTERACTIVE PROCESS QUESTIONNAIRE
## [TO BE COMPLETED BY HEALTHCARE PROVIDER[1]]

Please add attachments if you need more room to give your complete medical opinion. Thank you for your cooperation which will help the Cobb County School District process this request.

**PLEASE DO NOT TAKE INTO CONSIDERATION ANY AMELIORATIVE EFFECTS OF MITIGATING MEASURES; USE OF ASSISTIVE TECHNOLOGY, AUXILIARY AIDS OR SERVICES; REASONABLE ACCOMMODATIONS; OR LEARNED BEHAVIORAL OR ADAPTIVE NEUROLOGICAL MODIFICATIONS.** Mitigating measures include medications, medical supplies, equipment, or appliances, low-vision devices (excluding ordinary eyeglasses or contacts), prosthetics including limbs and devices, hearing aids and cochlear implants or other implantable hearing devices, insulin, mobility devices, and oxygen therapy equipment/supplies.

Employee's Name: __Charmaigne A. Welch__

Employee's Job Title: __Special Education Teacher__

Physician's printed name and address: __Robert Bashuk   MD__

Physician's Telephone Number: __770-941-4716__   Fax Number: _____

Physician's Signature and Title: __[signature]__

Date __8/21/13__

### Please supply the information requested below, as fully as possible

1) Does employee have an impairment?   Yes ☒   No ☐      Physical ☒ Mental ☐

2) If so, clearly identify the impairment __Epilepsy__

Continued on next page

---

[1] For purposes of this request, a healthcare provider is defined as someone authorized to practice and provide services, and qualified to provide certification of physical or mental impairment, who is performing within the scope of their practice as defined under applicable state law.

_____
_____
_____
_____
_____

3) How long do you expect the impairment to last? __Permanent_____

4) In your opinion, does the impairment substantially limit any major life activity? Yes ☐ No ☒
   If so, state the major life activities that are limited: _____
   _____

5) For each major life activity that is limited by the impairment, describe how employee is restricted as to the condition, manner, or duration under which that activity can be performed, as compared to the way an average person in the general population can perform that activity?

   _____
   _____
   _____
   _____
   _____
   _____
   _____

6) Is employee able to perform all essential job functions and physical requirements?
   Yes ☒ No ☐

   If not, specify any essential job functions/requirements that cannot be performed, and explain why not. _____
   _____
   _____

7) Describe any reasonable accommodations you recommend to enable the employee to perform their essential job duties.
   _____

_____ She should avoid sleep deprivation
_____ and severe stress
_____ The severe stress as defined
_____ by her psychiatrist
_____
_____

8) In your opinion, would performing any of employee's essential job duties pose a direct health or safety threat to the employee, co-workers, students, members of the general public, etc.? Yes ☐ No ☒  If yes, please state:
   a) Which job duties would result in such a threat? _____
   _____
   _____

   b) What is the specific threat? _____
   _____

   c) Are there any reasonable accommodations that would eliminate the threat, or reduce it to an acceptable level? Yes ☐   No ☐  If yes, please describe the accommodations:

   _____ She should not operate any equipment
   _____ that is potentially dangerous if she
   _____ had a seizure
   _____
   _____

WellStar Psychiatry, LLC
2540 Windy Hill Road
Marietta, GA 30067

July 1, 2013

Re: Charmaigne Welch
DOB 1/31/61

To Whom It May Concern:

I am writing this letter to outline examples of accommodations for Mrs. Welch when she returns to work, as requested per Michael T. Shanahan, Ed. D.

- Part-time schedule: 4 hour workdays, with some flexibility (e.g. 8am to 12pm or 10 am to 2pm) for the initial 6 months
- Provide an additional planning period
- Reduced workload: No case management, no IEPs; preferably work as a resource teacher for reading or language arts, and limit to one or two grade levels.
- Support from colleagues: provide a mentor for training and assistance with lesson planning and technology needs (e.g. computers)

Sincerely,

Adam Meadows, MD
WellStar Psychiatry
770-644-1570 (phone)
770-644-1576 (fax)