IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARMAIGNE WELCH,

    Plaintiff,

v.

COBB COUNTY SCHOOL
DISTRICT, *et al.*,

    Defendants.

CIVIL ACTION FILE
NO. 1:14-CV-1922-MHC

## ORDER

This is a *pro se* action before the Court on the Final Report and Recommendation ("R&R") of Magistrate Judge Alan J. Baverman [Doc. 8] recommending dismissal of Plaintiff's Amended Complaint for failure to follow a lawful court order and failure to state a plausible claim for relief. The Order for Service of the R&R [Doc. 9] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), Plaintiff was authorized to file objections within fourteen (14) days of the receipt of that Order. Although not styled as an "objection," Plaintiff did file one document within the required time period styled "Amended Complaint for Damages and Demand for Jury Trial" and "Motion for Reconsideration of

Recommendation Dismissal of Action" [Docs. 10 & 11], which the Court will consider as Plaintiff's objection to the R&R.[1]

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

---

[1] Because Plaintiff has already attempted to amend her complaint once pursuant to the Order of the Magistrate Judge [Doc. 6], any further attempt would violate Rule 15(a) of the Federal Rules of Civil Procedure, which permits one amendment as a matter of course and authorizes subsequent amendments only with the consent of the opposing party or upon leave of court. Even if Plaintiff's latest attempt at amending her complaint were considered, this Court would conclude that it adds nothing substantive to her previous attempt at amendment which, as discussed by the Magistrate Judge, fails to state a claim upon which relief can be granted.

2

Plaintiff's Objections

First, Plaintiff contends that she "did the best she could" to respond to the Magistrate Judge's directions, received help from a family member to revise her complaint, and that "[d]ue to overwhelming amount of evidence, documents, witnesses and ongoing documentation" it is "just not reasonable" to add any additional information to support her claim. Pl.'s Obj. p. 2. This is not a proper objection as much as it is an explanation. More importantly, however, the Magistrate Judge carefully considered all of the allegations contained in Plaintiff's Amended Complaint, which occurred after he provided Plaintiff with a reasonable opportunity to cure the defects in the original complaint. This Court agrees with the Magistrate Judge that Plaintiff's Amended Complaint fails to state a claim for relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, or the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*

Second, Plaintiff contends that the Magistrate Judge failed to consider a notice of right to sue letter from the Equal Employment Opportunity Commission. In fact, the Magistrate Judge did consider her attachment but noted that it makes

"no reference whatsoever to any discrimination or retaliation related to race," which is the alleged basis for her Title VII claim. R&R p. 8, n. 1.

Third, Plaintiff asserts that the R&R "ignored" her FMLA claim. In fact, the Magistrate Judge went through a detailed analysis of why Plaintiff's FMLA claims are not viable. R&R pp. 13-16. That analysis proves to be well-founded based upon the allegations in the Amended Complaint as detailed in the R&R.

Finally, aside from repeating the same conclusory allegations contained in her Amended Complaint, Plaintiff asks for "preliminary attorneys [sic] fees" in order to retain an attorney to represent her in this matter, stating "[i]f an alleged killers/Deserves [sic] representation, then everyone should." Pl.'s Obj. p. 4. Unfortunately for Plaintiff, while the United States Constitution guarantees a person charged with a criminal offense a right to counsel if one cannot be afforded, that same right is not guaranteed to a plaintiff in a civil lawsuit.

Accordingly, Defendants' objections to the Magistrate Judge's Report and Recommendation [Docs. 10&11] are **OVERRULED**.

Conclusion

Accordingly, for the reasons stated above, this Court approves and adopts the Magistrate Judge's Final Report and Recommendation [Doc. 8] as the judgment of the Court. Plaintiff's Amended Complaint is **DISMISSED** for failure

to follow a lawful order of the court and for failure to state a plausible claim for relief.

**IT IS SO ORDERED** this 23rd day of January, 2015.

_____
MARK H. COHEN
United States District Judge